IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IVY FLINDERS, et al.,<br><br>               Petitioners,<br><br>v.<br><br>UTAH DEP'T OF CHILD AND FAMILY SERVS., et al.,<br><br>               Respondents. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:23-cv-00598-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

       On May 8, 2024, the undersigned issued an Order to Show Cause (Order) (ECF 4) to pro se petitioner, Ivy Flinders (Petitioner) regarding her habeas-corpus action (ECF 1). *See* 28 U.S.C. § 2254. In the Order, the court explained to Petitioner that a federal writ of habeas corpus "has never been available to challenge parental rights or child custody." *See Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982); *see also Christensen v. Utah*, No. 1:13CV00093 DS, 2013 WL 3808669, at *1 (D. Utah July 19, 2013) ("Habeas corpus relief is not available to challenge state courts' decisions regarding child custody and parental rights.") (ECF 4 at 1). The Order also informed Petitioner that failure to respond to the Order and show that Petitioner had stated a claim upon which habeas relief may be granted could result in a recommendation that the petition be dismissed.

       Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

1

On May 13, 2024, Petitioner timely responded to the Order (*see* ECF 5). In her Response, Petitioner again states that her petition centers on the state of Utah and the Utah Department of Child and Family Services stripping her child away from her (*id.* at 2, 3). Despite the Response, Petitioner's requested relief again relates to the state's decision of child custody and parental rights. As previously stated, this court cannot, under a federal writ of habeas corpus, grant Petitioner's requested relief. "Because [Petitioner] has not presented any claim that can properly be entertained in a federal habeas corpus proceeding, this Court lacks subject matter jurisdiction over his habeas corpus petition and it must be dismissed." *Christensen*, 2013 WL 3808669, at *1. Accordingly, the undersigned RECOMMENDS that the petition be DISMISSED.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 15 May 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah